IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:10cr64HSO-RHW

BRITTANY CRUTHIRDS a/k/a
Brittany Gail Meshell
Brittany Olier

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement and Plea Agreement Supplement between **BRITTANY CRUTHIRDS a/k/a Brittany Gail Meshell a/ka Brittany Olier**, by and with the consent of her attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **BRITTANY CRUTHIRDS a/k/a Brittany Gail Meshell a/ka Brittany Olier** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government her interests in and to the hereinafter described property, having been apprised of such by her attorney and by this Court; and she has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Agreement Supplement with the Government to forfeit such property.

2. The defendant agrees that the **$17,951.64 Money Judgment**, constitutes or was derived from proceeds that the defendant obtained, directly or indirectly, as a result of the offense charged in Count 4 of the Indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461.

3. The defendant has been apprised that Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982 require the Court to order the forfeiture of the **$17,951.64 Money Judgment**, at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and her attorney further authorize the Court to enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court whether ordered at that proceeding or not and whether or not attached as a part of the said Judgment in a Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

**$17,951.64 Money Judgment**.

b. The Court has determined, based on the defendant's Plea Agreement and Plea Agreement Supplement, that the following property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461, that the defendant had an interest in such property[1] and that the Government has established the requisite nexus between such property and such offenses:

**$17,951.64 Money Judgment**.

---

[1] Fed. R. Crim. P. 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. *See* Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, *e.g.*, where the defendant is planning to object to the order of forfeiture on the ground that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

c.  That any ancillary hearing is hereby dispensed with as the forfeiture provides for a money judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Agreed Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment, and that this order shall be enrolled in all appropriate Judgment Rolls.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 19th day of October 2010.

UNITED STATES DISTRICT JUDGE

AGREED:

E. CARLOS TANNER, III
Assistant United States Attorney

BRITTANY CRUTHIRDS a/k/a
Brittany Gail Meshell
Brittany Olier
Defendant

JOSEPH PAUL HUDSON
Attorney for Defendant